Argued and submitted September 14, reversed and remanded October 12, 1994

# ROBERT MARTYR,
*Appellant,*

*v.*

# STATE OF OREGON,
*Respondent.*

# (92C-11038; CA A82668)

883 P2d 237

Spencer M. Neal argued the cause and filed the brief for appellant.

Robert B. Rocklin, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Plaintiff appeals from a judgment declaring that defendant's censorship of plaintiff's mail does not violate ORS 426.385(1).[1] We reverse and remand.

Plaintiff is a mentally ill person who is committed to the Mental Health and Developmental Disability Services Division (division). He is housed in the forensic unit of the Oregon State Hospital. Hospital personnel opened, reviewed and censored some of plaintiff's outgoing, sealed mail as part of his therapeutic treatment. Plaintiff sought a declaration that ORS 426.385(1)(a) prohibits that activity. The trial court granted judgment for defendant.

On appeal, plaintiff assigns error to the trial court's interpretation of ORS 426.385(1)(a). He argues that the unambiguous language of that statute prohibits the division from opening and censoring his mail. The state concedes that ORS 426.385(1)(a) allows plaintiff to communicate freely. It argues, however, that other statutes suggest that some restrictions on plaintiff's ability to send sealed mail are allowed to accommodate his treatment.

In interpreting a statute, our task is to discern the intent of the legislature. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). The starting point for interpretation of statutes, and the best evidence of what the legislature intended, is the text of the statute. 317 Or at 610. In determining the meaning of the text, words of common usage that are not defined in the statute typically are to be given their plain, natural and ordinary meaning. Also, at the first level of analysis, we consider the context of the provision, including other provisions of the same statute and other related statutes. If the legislature's intent is clear from the text and context, further inquiry is unnecessary. 317 Or at 611.

The unambiguous language of ORS 426.385(1)(a) provides that a mentally ill person committed to the division

---

[1] ORS 426.385(1) provides, in part:

"Every mentally ill person committed to the division shall have the right to:

"(a) Communicate freely in person, by sending and receiving sealed mail and by reasonable access to telephones[.]"

has the right to "[c]ommunicate freely in person by sending * * * sealed mail * * *." "Sealed," in this context, is the past participle of "seal," which means "any of various closures * * * that serve as a check against tampering or unauthorized opening." *Webster's Third New International Dictionary* 2046 (unabridged 1976). Thus, on its face, ORS 426.385(1)(a) prohibits the division from opening and censoring the outgoing mail of a mentally ill person committed to its care.

The state, citing ORS 161.327[2] and ORS 161.341(1),[3] argues that, in context, "ORS 426.385(1)(a) must be interpreted to take into account both the fact that people in plaintiff's class are a substantial danger to others, and the statutory obligation of the division to provide such people with treatment." Those statutes, on their face, show that the legislature intended that persons committed to a state mental hospital under the supervision of the Psychiatric Security Review Board (PSRB) receive treatment. *See also* ORS 426.072. However, the division's statutory duty to provide treatment must be considered in light of ORS 426.380 to ORS 426.395, which contain several specific provisions relating to patient rights. For example, ORS 426.385(1) provides a list of individual patient rights, including the right to counsel whenever the substantial rights of the person may be affected, the right to petition for a writ of *habeas corpus*, the right to religious freedom and reasonable access to telephones, writing materials and stamps. ORS 426.385(2) and (3) impose limitations on the kinds of treatment that may be given. Finally, ORS 426.385(1)(m) provides that every mentally ill person committed to the division has the right to "[e]xercise all civil rights in the same manner and with the same effect as one not admitted to the facility * * *."

---

[2] ORS 161.327 provides, in part:

"[I]f the court finds by a preponderance of the evidence that the person is affected by mental disease or defect and presents a substantial danger to others requiring commitment to a state mental hospital * * * the court shall order the person placed under the jurisdiction of the Psychiatric Security Review Board for care and treatment."

[3] ORS 161.341(1) provides, in part:

"If the board finds, upon its initial hearing, that the person presents a substantial danger to others and is not a proper subject for conditional release, the board shall order the person committed to, or retained in, a state hospital * * * for custody, care and treatment."

■     The legislative intent of ORS 426.385(1)(a) is clear from its text and context: That statute prohibits the division from opening and censoring the outgoing, communicative mail of mentally ill persons committed to its care. To the extent that there is any inconsistency between the general language in ORS 161.327, ORS 161.341(1) and ORS 426.072 about the division's statutory duty to provide treatment to mentally ill persons committed to its care, and the specific language in ORS 426.385(1)(a) about the right to communicate freely by sending sealed mail, the latter must control. *See* ORS 174.020.

The state argues that, even if the text and context of ORS 426.385(1)(a) suggest that the division should not be able to open and censor plaintiff's outgoing mail, we must not construe that statute to ascribe to the legislature the intent to produce an unreasonable or absurd result. The state contends that it would be absurd "that persons who pose a substantial danger to others and who are in need of statutorily mandated treatment would be allowed to send and receive absolutely anything they want by sealed mail."

The only issue before us today is whether ORS 426.385(1)(a) prohibits the division from opening and censoring, as part of plaintiff's treatment plan, his outgoing communicative mail. We conclude that it does. If that prohibition is unwise, it is for the legislature to remedy.

Because of our disposition of plaintiff's first assignment of error, we need not consider his remaining assignments.

Reversed and remanded for entry of declaratory judgment in plaintiff's favor.